UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO: 1:18-cv-0433-NT

FEDERAL NATIONAL MORTGAGE ASSOCIATION

PLAINTIFF

v.

SHELDON A. SMITH and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., AS NOMINEE FOR BRYCO FUNDING, INC., and BRYCO FUNDING, INC.

DEFENDANTS

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Federal National Mortgage Association, by and through its attorneys, Bendett & McHugh, P.C., Moves for Default Judgment against Defendant Sheldon A. Smith pursuant to Federal Rule of Civil 55(b)(2) for the reasons outlined in Plaintiff's Memorandum of Law:

1. Defendant has failed to answer or otherwise appear in this case.

2. This Court has jurisdiction over Defendant Smith and authority to enter default judgment without a hearing because Plaintiff's record evidence demonstrates that the amount due is certain.

3. The factual allegations contained in the Complaint, which are deemed admitted based on Defendant Smith's failure to appear, coupled with Plaintiff's

1

uncontroverted evidence demonstrate that Plaintiff is entitled to judgment on all claims. More specifically, Plaintiff has demonstrated its prima facie right to foreclose under Maine law and should be allowed to conduct its foreclosure action pursuant to 14 M.R.S. § 6323.

## MEMORANDUM OF LAW

**I. INTRODUCTION**

This is a mortgage foreclosure action that was filed by Plaintiff after Defendant Smith defaulted on the payment obligations under a loan made by the Plaintiff. Defendant Smith elected to Waive Service by returning the Waiver of Service form, but then failed to file an answer or otherwise appear in this case. Plaintiff seeks a judgment of foreclosure and the right to sell the property at public sale. In support its Motion, Plaintiff will rely on the Affidavit of Tristan Birkenmeier, its counsel, and the exhibits attached to the motion.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1. Defendant Sheldon Smith is the owner of real property located at 1357 Salem Road, Salem Township, Maine, 4 Trafton Street, Cornish, Maine by virtue of a deed from JLC Realty, dated October 28, 2005, and recorded in the Franklin County Registry of Deeds on November 7, 2005 in Book 2682 at Page 231 (the "Property"). Complaint, ¶ 7; Exhibit A.

2. On July 22, 2013, Defendant Smith executed and delivered to Green Tree Servicing, LLC a promissory note in the original principal amount of $83,000.00

(the "Note"). Affidavit of Tristen Birkenmeier, ¶ 7 ("Birkenmeier Affidavit"); Exhibit B.

3. The Plaintiff is entitled to enforce the Note as the Note is endorsed in blank. Birkenmeier Affidavit, ¶ 8.

4. To secure said Note, Defendant Smith executed and delivered a Mortgage to the property in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Green Tree Servicing LLC, dated July 22, 2013 and recorded in the Franklin County Registry of Deeds in Book 3573 at Page 255 securing the property located at 1357 Salem Road, Salem Township, ME, 04983 (the "Mortgage"). Birkenmeier Affidavit, ¶ 9; Exhibit C.

5. The Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for Green Tree Servicing LLC to Plaintiff by an Assignment of Mortgage, dated June 14, 2018 and recorded on June 15, 2018 in Book 4004 at Page 126 of the Franklin County Registry of Deeds. Birkenmeier Affidavit, ¶ 10; Exhibit D1.

6. The Mortgage was then assigned from Green Tree Servicing LLC to Plaintiff by a Quitclaim Assignment of Mortgage, dated August 15, 2018 and recorded on August 22, 2018 in Book 4023 at Page 277 of the Franklin County Registry of Deeds. Birkenmeier Affidavit, ¶ 10; Exhibit D2.

7. Defendant Mortgage Electronic Registration Systems, Inc., as nominee for Bryco Funding, Inc. and Defendant Bryco Funding, Inc. may claim a junior lien interest in the Premises by virtue of a mortgage, in the principal amount of $21,200.00, dated March 12, 2007 and recorded in Book 2895 at Page 211 of the Franklin

County Registry of Deeds. Birkenmeier Affidavit ¶ 16; Exhibit E. This mortgage was subordinated to the Plaintiff's Mortgage by virtue of a Subordination Agreement dated June 25, 2013 and recorded in Book 3573 at Page 273 of the Franklin County Registry of Deeds. Birkenmeier Affidavit ¶16; Exhibit F.

8. Plaintiff is in possession of the Note, Mortgage and Assignments. Birkenmeier Affidavit, ¶ 11. Accordingly, Plaintiff is entitled to collect the debt evidenced by said Note, is the party entitled to enforce the Mortgage, and has the right to foreclose the Mortgage.

10. Defendant Smith failed to comply with the terms and conditions of the Note and the Mortgage by failing to make the monthly payment due February 1, 2018, as well as all payments due thereafter. Birkenmeier Affidavit, ¶ 12.

11. On August 30, 2018, Plaintiff notified Defendant Smith of the default through a Notice of Default (hereinafter referred to as the "Demand Letter") in compliance with the Note, the Mortgage, and the requirements of 14 M.R.S. § 6111. Birkenmeier Affidavit, ¶ 12; Exhibit G.

12. The Demand Letter was mailed to Defendant Smith by certified mail, return receipt requested. Birkenmeier Affidavit, ¶ 12; Exhibit G.

13. To date, Defendant Smith has not cured the Default. Birkenmeier Affidavit, ¶ 13. As a result, Defendant Smith owes a total amount of $81,955.64 for principal, interest, costs, and legal fees. Birkenmeier Affidavit, ¶ 14.

14. Plaintiff anticipates that additional expenditures will be incurred by for attorney's fees and other services rendered prior to the sale of the Property.

15. On October 18, 2018, Plaintiff filed a Complaint which was mailed to Defendant Smith along with the Waiver of Service Form, which Defendant Smith executed on November 7, 2018. Birkenmeier Affidavit, ¶ 15. With Defendant Smith having failed to answer or otherwise appear in this action, Plaintiff now submits its Motion for Default Judgment.

**III. ARGUMENT**

**A. Standards of Review**

**1. This Court Has Personal and Subject Matter Jurisdiction**

As a preliminary matter, this Court must determine its jurisdiction. *In re The Home Rests., Inc.*, 285 F.3d at 114. Generally, "the district court acquires jurisdiction over a defendant only by service of process" in accordance with Maine law, which includes personal service of the complaint and summons. *Carter*, 618 F.Supp. 2d at 92-93; Fed. R. Civ. P. 4(e). Here, Defendant Smith, a Maine resident, waived service of the Summons and Complaint on November 7, 2018. Birkenmeier Affidavit, ¶ 15. Accordingly, this Court has personal jurisdiction over Defendant.

The Court possesses subject matter jurisdiction over a matter when there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. In this action, Defendant Smith is a Maine resident while Plaintiff has a principal place of business in Washington, DC. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006)(national banking associations are, for diversity purposes, considered citizens in the state where it maintains its main office, as stated in its charter). Additionally, Plaintiff seeks judgment in the

amount of $81,955.64, which exceeds the amount in controversy requirement. Birkenmeier Affidavit, ¶ 14.

Because Defendant Smith waived personal service, there is diversity of citizenship between Plaintiff and Defendant, and the amount in controversy is more than $75,000, this Court has jurisdiction to adjudicate Plaintiff's Motion for Default Judgment.

## 2. Default Judgment, Without A Hearing, Is Appropriate Where A Defendant Has Not Appeared.

If a default is entered because of the defendant's failure to plead or otherwise defend, the Plaintiff may "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). In evaluating a motion for default judgment, the "facts stated in the complaint are taken as true," while the "legal import of those facts [are] left for the Courts." *Scarelli v. Gleichman*, No. 2:12-cv-72-CZS, 2012 U.S. Dist. LEXIS 75516, at *2, 2012 WL 1965681, at *1 (D. Me. May 31, 2012)(granting motion for default judgment). "If a defendant against whom default is entered has failed to appear, no notice to that party is required prior to the entry of default judgment." *Scarelli,* 2012 U.S. Dist. LEXIS 75516 at *3 (citing *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 64 (1st Cir. 2002). Additionally, "[a]n evidentiary hearing is not required prior to entry of a default judgment unless the Court deems it necessary to determine the amount of damages or to establish the truth of an allegation that is not established by evidence in the record or facts deemed admitted in the complaint." *Scarelli*, 2012 U.S. Dist. LEXIS 75516 at *3. Thus, the Court may enter default judgment "without a hearing if it has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." *Banco Bilbao Vizcaya Argentaria v. Family Rests., Inc. (In re The Home Rests., Inc.)*, 285 F.3d 111, 114 (1st Cir. 2002)("it is

precisely the right to contest liability that a party gives up when it declines to participate in the judicial process"); *see BMG Music v. Marsters*, 616 F. Supp. 2d 151, 153 (D. Me. 2009); *Elektra Entertainment Group, Inc. v. Carter*, 618 F.Supp. 2d 89, 92 (2009).

Moreover, where there is "no uncertainty about the amounts at issue; the complaint contained specific dollar figures, and the court received affidavits" in support of the amount due, the District Court has full discretion to determine the amount of the default judgment against a defendant without a hearing. *In re The Home Rests., Inc.,* 285 F.3d at 114 (affirming default judgment entered without hearing).

### B. Default Judgment Should Be Entered Because Plaintiff Has Pled Cognizable Claims For Foreclosure Under Maine Law.

This Court should enter Default Judgment against Defendant Smith because "it has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." *In re The Home Rests., Inc.*, 285 F.3d at 114. Furthermore, no hearing is necessary to determine the merits of Plaintiff's claims because Plaintiff has demonstrated all eight prima facie elements required by Maine law for a foreclosure judgment. Accordingly, Plaintiff's Motion should be granted.

#### 1. Plaintiff Has Submitted Competent Evidence of Its Prima Facie Foreclosure Action, So Default Judgment Should Be Entered Without A Hearing

This Court has the discretion to enter a default judgment, without a hearing, where a plaintiff has submitted evidence that there is an undisputed amount due and that plaintiff is entitled to judgment on its claim as a matter of law. *Scarelli,* 2012 U.S. Dist. LEXIS 75516 at

*3. Here, the record is undisputed that Plaintiff owns the Note and Mortgage, Defendant owes $81,955.64 based on his Default, and Plaintiff has fully complied with Maine foreclosure law.

In 2014, the Maine Supreme Court clarified what a plaintiff must establish to support a judgment of foreclosure. *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700, 708. A plaintiff must demonstrate:

1. The existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

2. Properly presented proof of ownership of the mortgage note and [evidence of the mortgage note and] the mortgage, including all assignments and endorsements of the note and the mortgage;

3. A breach of condition in the mortgage; (includes failure to pay mortgage)

4. The amount due on the mortgage note, including any reasonable attorney fees and court costs;

5. The order of priority and any amounts that may be due to other parties in interest, including any public utility easements;

6. Evidence of properly served notice of default and mortgagor's right to cure in compliance with 14 M.R.S. § 6111; and

7. If the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*Greenleaf*, 2014 ME at ¶ 18, 96 A.3d at 708 (citing Chase Home Finance LLC v. Higgins 2009 ME 136, ¶ 11, 985 A.2d 508). Here, Plaintiff's evidence demonstrates that it is entitled to judgment on its foreclosure count because Plaintiff has made its prima facie case.[1]

In support of the first element, existence of the Mortgage, Plaintiff attached as an exhibit to the Complaint and this Motion a copy of the recorded Mortgage, executed by Defendant Smith with recorded book and page number. Exhibit C; *Greenleaf*, 2014 ME 89, ¶ 20, 96 A.3d at 709.

Regarding the second element, Plaintiff attached as an exhibit to the Complaint and this Motion a copy of the Note, which endorsed in blank and is held by, and thus owned by, the Plaintiff. Birkenmeier Affidavit, ¶ 11; Exhibit B; *Greenleaf*, 2014 ME 89, ¶¶ 21-22, 96 A.3d at 709. Plaintiff also owns all rights in the Mortgage since it was assigned to the Plaintiff. Birkenmeier Affidavit, ¶ 10; Exhibit D-2.

As to the third prima facie element, Defendant Smith failed to pay the monthly amount due for February 1, 2018, as well as all payments due thereafter. Birkenmeier Affidavit, ¶ 12; Exhibit G.

Regarding the fourth element, as shown in the Affidavit of Attorney Birkenmeier, Defendant Smith has not cured the Default; to the contrary, the evidence shows that $81,955.64 is owed in unpaid principal, interest, costs, and legal fees. Birkenmeier Affidavit, ¶ 14; Greenleaf, 2014 ME 89, ¶¶ 23, 96 A.3d at 709.

---

[1] Under Maine state foreclosure procedure, under certain circumstances the Defendant may opt for inclusion in the statewide mediation program. 14 M.R.S. § 6321-A. Mediation is a procedural, not a substantive, rule, and therefore, has no application in this Court. In any event, since Defendant has not appeared, the question is not at issue and cannot prevent the entry of a judgment. Nor do the federal courts have a mediation program that would comply with 14 M.R.S. § 6321-A. *Machias Sav. Bank v. Brooks*, 2011 U.S. Dist. LEXIS 47597 (D. Me. May 3, 2011) (whether mediation is a procedural or substantive rule is not at issue when not raised by the defendant; further, if mediation was requested, the court has magistrate judges available for the purpose); see also *Johnson v. Fruit Belt Elec.*, 1995 U.S. App. LEXIS 263 (6th Cir. Mich. Jan. 5, 1995) ("We think, however, that there are compelling reasons to conclude . . . that the Michigan mediation process, codified at Mich. Comp. Laws §§ 600.4951-4969, is "procedural" and not "substantive," and thus is not, under Erie, applicable in this diversity case").

Additionally, the fifth element is satisfied as the title search Plaintiff ran on the Property supports that Plaintiff's Mortgage has first priority and that Defendant Mortgage Electronic Registration Systems, Inc., as nominee for Bryco Funding, may claim a junior lien interest in the amount of $21,200.00. Bireknmeier Affidavit, ¶ 16; *Greenleaf*, 2014 ME 89, ¶ 28, 96 A.3d at 711.

Moreover, regarding the sixth element, it is undisputed that Plaintiff has fully satisfied the notice requirements under Maine foreclosure law. Plaintiff sent the Demand Letter to Defendant Smith on August 30, 2018. Birkenmeier Affidavit, ¶ 12; Exhibit G. The Demand Letter strictly complied with the notice requirements of 14 M.R.S. § 6111 by fully informing Defendant Smith of all rights, including, for example, the right to cure the default, to seek alternative remedies, to undergo loan counseling and to request a loan modification. Exhibit G. The Demand Letter was sent to Defendant Smith's last known mailing address and has not been returned to sender. Birkenmeier Affidavit, ¶ 12; Exhibit H. This Demand Letter is sufficient proof of the sixth prima facie element. *Greenleaf*, 2014 ME 89, ¶ 29, 96 A.3d at 711.

Finally, regarding the seventh element, Defendant Smith elected to waive service of the Summons and Complaint by executing the Waiver of Service form but has not filed a responsive pleading in this action. Birkenmeier Affidavit, ¶ 15. Plaintiff has confirmed that Defendant Smith's absence is not attributable to military service, as Plaintiff has submitted evidence that Defendant is not active military pursuant to the Servicemembers Civil Relief Act. Exhibit I; Birkenmeier Affidavit, ¶ 17; *Greenleaf*, 2014 ME 89, ¶ 32, 96 A.3d at 713.

Additionally, Plaintiff requests that in the order granting default judgment, this Court provide that Plaintiff has the right to sell the Property at a public sale through a private auctioneer, in accordance with 14 M.R.S. §§ 6323-24. *See, e.g. Oceanic Inn, Inc. v. Sloan's*

*Cove, LLC*, 2016 ME 34, ¶ 34 (affirming foreclosure sale by private auctioneer was commercially reasonable); *Key Bank of Maine v. Holman*, 1994 Me. Super. LEXIS 90, at *2 (finding no error in bank's public foreclosure sale by private auctioneer where the "bank chose to sell the property in its entirety, as was its right").

In sum, Plaintiff has submitted uncontroverted evidence supporting all prima facie elements to warrant entry of judgment in its favor and Defendant Smith has failed to answer Plaintiff's complaint or appear in this action in any way. Accordingly, default judgment is appropriate and it is proper for this court to enter a Judgment of Foreclosure and Sale in favor of Plaintiff.

### IV. CONCLUSION

For all the foregoing reasons, Plaintiff requests that this Court enter Default Judgment against Defendant Smith in the amount of $81,955.64, together with interest, costs, and charges collectible under the Note and Mortgage from the date of judgment to the foreclosure sale. Additionally, Plaintiff requests that this Court enter a Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S. § 6322, allow for a foreclosure sale to be conducted in accordance with 14 M.R.S. § 6323, and declare that Defendant Smith is liable for any deficiency balance remaining due after the sale of the Property and application of the proceeds of the sale. Finally, Plaintiff requests that this Court grant exclusive possession of the real estate to Plaintiff upon the expiration of the 90 day period of redemption pursuant to 14. M.R.S. § 6322 and grant such other relief as the Court may determine to be just and equitable.

Respectfully submitted,

Federal National Mortgage Association

By its Attorneys,
BENDETT & MCHUGH, P.C.

Dated: January 25, 2019 By: /s/ Tristan Birkenmeier, Esq. Bar No.: 5283
MECourtMailings@bmpc-law.com

Attorney for Plaintiff
Bendett & McHugh, PC
30 Danforth Street, Suite 104
Portland ME, 04101
207-221-0016
MECourtMailings@bmpc-law.com

**CERTIFICATE OF SERVICE**

    I, Tristan Birkenmeier, hereby state that a true and correct copy of the Motion for Default Judgment is being filed electronically utilizing the ECF system and that the EFC system will automatically generate and send a Notice of Electronic Filing to all users associated with the case. If the ECF system indicates that a party is being served electronically, such service will be deemed to comply with the ECF system. If the ECF system indicates that a party is not a user of the ECF system, a true and correct copy of this filing will be delivered by United States first class mail, postage prepaid, to any such party.

By: /s/ Tristan Birkenmeier, Esq. Bar No.: 5283
MECourtMailings@bmpc-law.com

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  | CIVIL ACTION NO: 1:18-cv-0433-NT |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>PLAINTIFF<br><br>v.<br><br>SHELDON A. SMITH and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., AS NOMINEE FOR BRYCO FUNDING, INC., and BRYCO FUNDING, INC.<br><br>DEFENDANTS |  |

## AFFIDAVIT OF TRISTAN BIRKENMEIER IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

I, Tristan Birkenmeier, being first duly sworn, do hereby depose and state as follows:

1. I am an attorney with the firm of Bendett & McHugh, PC and I represent the Plaintiff in this foreclosure action. I am admitted to Practice law in the State of Maine and Federal Court for the District of Maine and I am in good standing.

2. I have under my custody and control the records relating to the services rendered by Bendett & McHugh to Plaintiff in connection with this foreclosure action. My

knowledge as to the facts set forth in this affidavit are derived from these records and my personal knowledge. Bendett & McHugh's records are kept in the ordinary course of regularly conducted business and are made at or near the time of the act or transaction by a Bendett & McHugh employee with personal knowledge of the event, act or transaction set forth in said records, and whose duties include regularly keeping such records.

3. Legal fees were charged to Plaintiff in this matter for reviewing all loan documents and the title report, drafting, revising and filing the Complaint for Foreclosure, and completing service of process. Disbursements include court fees, recording fees, title updates, Registry of Deeds copies and sheriff's fees.

4. The total amount of legal fees and costs owed to Bendett & McHugh through January 15, 2019 is $2,144.50. Based on my experience in handling foreclosure cases, I believe the fees and costs in this case to have been reasonable and necessary.

5. I anticipate additional disbursements and legal fees for obtaining and recording an attested copy of the judgment and publication of the notice of sale, for conducting the sale, for preparing the foreclosure deed, and for preparing and filing the Report of Sale.

6. In my work as an attorney, and in the ordinary course of handling real estate litigation, I regularly review title work, handle title insurance cases involving title and priority issues, and work with this Firm's third-party title abstractors.

7. On July 22, 2013, Defendant Smith executed and delivered to Green Tree Servicing, LLC a promissory note in the original principal amount of $83,000.00.

8. The Plaintiff is entitled to enforce the Note as the Note was endorsed in blank.

9. To secure said Note, Defendant Smith executed and delivered a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Green Tree Servicing

LLC, dated July 22, 2013 and recorded in the Franklin County Registry of Deeds in Book 3573 at Page 255 securing the property located at 1357 Salem Road, Salem Township, ME, 04983.

10. The Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for Green Tree Servicing LLC to Plaintiff by an Assignment of Mortgage, dated June 14, 2018 and recorded on June 15, 2018 in Book 4004 at Page 126 of the Franklin County Registry of Deeds. The Mortgage was then assigned from Green Tree Servicing LLC to Plaintiff by a Quitclaim Assignment of Mortgage, dated August 15, 2018 and recorded on August 22, 2018 in Book 4023 at Page 277 of the Franklin County Registry of Deeds

11. Plaintiff is in possession of the original Note, Mortgage, and any and all assignments.

12. In strict compliance with the Note and Mortgage and 14. M.R.S. §6111, and due to Defendant Smith's failure to make the monthly of payment of February 1, 2018 and all subsequent payments, Plaintiff sent Defendant Smith a Notice of Default and Right to Cure. This letter was mailed to Defendant Smith by certified mail, return receipt requested on August 30, 2018.

13. As of the date of this affidavit, Defendant Smith has failed to cure the default.

14. Plaintiff currently owes a total amount of $81,955.64 which includes principal, interest, costs, and legal fees.

15. On October 18, 2018, Plaintiff filed a complaint for foreclosure, and Defendant executed the Waiver of Service on November 7, 2018. Defendant has not responded to the Complaint.

16. Prior to the filing the complaint, a title search was conducted on the property which I have reviewed and which demonstrates that Plaintiff has first priority. The title search also showed that Defendant Mortgage Electronic Registration Systems, Inc. as nominee for Bryco Funding, Inc., may claim a junior lien interest in the property due to a mortgage in the amount of $21,200.00 dated March 12, 2007 and recorded in Book 2895 at Page 211 of the Franklin County Registry of Deeds. The title search revealed that this mortgage is a junior lien, as it was subordinated to the Plaintiff's mortgage due to a Subordination Agreement dated June 25, 2013 and recorded in Book 3573 at Page 273 of the Franklin County Registry of Deeds.

17. I have reviewed a military search pursuant to the Servicemembers Civil Relief Act and I affirm that Defendant is not active military. I also affirm, upon information and belief, that Defendant is not a minor or incompetent person.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of January, 2018.

By: /s/ Tristan Birkenmeier, Esq. Bar No.: 5283
MECourtMailings@bmpc-law.com

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CIVIL ACTION NO: 1:18-cv-0433-NT**

FEDERAL NATIONAL MORTGAGE
ASSOCIATION

    PLAINTIFF

v.

SHELDON A. SMITH and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS
INC., AS NOMINEE FOR BRYCO FUNDING,
INC., and BRYCO FUNDING, INC.

    DEFENDANTS

## ORDER ENTERING DEFAULT JUDGMENT

AND NOW, to wit, this \_\_\_\_ day of _____, 2019, upon consideration of Plaintiff's Motion for the entry of a Default Judgment and for good cause shown, it is hereby ORDERED and DECREED:

1. Judgment is entered in favor of the Plaintiff in the amount of $81,955.64.

2. Judgment of Foreclosure and Sale is entered in favor of the Plaintiff in conformity with Title 14 M.R.S. § 6322, and sale of the Property is allowed to be conducted at Plaintiff's option in accordance with 14 M.R.S. § 6323 or, in the alternative, by the United States Marshall Service.

3. In addition to the amount granted in this Judgment, Plaintiff is entitled to any additional expenditures incurred for interest, attorney's fees, and other services rendered prior to the sale of the Property.

4. Defendant Sheldon A. Smith is liable for any deficiency balance remaining due after the sale of the Property and application of the proceeds of the sale.

5. Any surplus funds from the sale of the Property are to be distributed to Defendant Mortgage Electronics Registration Systems, Inc., as nominee for Bryco Funding, Inc., should proof of its interest in the Property and amount owed be submitted to this Court prior to date of the sale of the Property. Any excess surplus funds remaining will be distributed to Defendant Sheldon A. Smith.

6. Should Mortgage Electronics Registration Systems, Inc., as nominee for Bryco Funding, Inc., fail to file proof of interest in the Property and amount owed, any and all surplus funds are to be distributed to Defendant Sheldon A. Smith.

7. Plaintiff has exclusive possession of the Property upon the expiration of the statutory 90 day period of redemption.

It is SO ORDERED.

_____
District Judge