# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Docket No. 1:18-cv-433-NT<br>) |
| SHELDON A. SMITH, BRYCO FUNDING, INC., and ABS LOAN TRUST V, | )<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER DENYING EXTENSION OF TIME AND DISMISSING CASE**

On October 18, 2018, this two-count complaint for foreclosure (Count I) and unjust enrichment (Count II) was brought by Federal National Mortgage Association ("**FNMA**") against Defendants Sheldon A. Smith[1], Bryco Funding, Inc., and Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Bryco Funding, Inc.

On January 22, 2019, the Clerk issued an Order to Show Cause stating that, although a month had passed since Mr. Smith's deadline to answer or file a responsive pleading, FNMA had not moved for entry of default. Order to Show Cause (ECF No. 13). On January 30, 2019, FNMA filed a Motion for Default Judgment as

---

[1] Sheldon Smith waived service, and on Dawn Smith's waiver of service form, Mr. Smith indicated that Dawn had passed away on November 9, 2017. Waiver of Service (ECF No. 6-1). After performing a probate inquiry and confirming that Sheldon A. Smith and Dawn E. Smith were joint tenants with a right of survivorship in the property, FNMA filed a motion to dismiss Mrs. Smith. Motion to Dismiss (ECF No. 6). I granted FNMA's motion to dismiss Dawn E. Smith. Order (ECF No. 7).

to Mr. Smith. (ECF Nos 14). The next day, FNMA filed a Motion for Default as to Mr. Smith. The Clerk entered an Order of Default on January 31, 2019. (ECF No. 17).

On January 16, 2019, FNMA filed the executed Summons for Mortgage Electronic Registration Systems, Inc. and Bryco Funding, Inc. Executed Summons (ECF No. 12). On February 4, 2019, a Scheduling Order issued. (ECF No. 19). FNMA then filed a Consented-To Motion to Substitute Party pursuant to Rule 25(c). The motion provided that on July 3, 2018, MERS as nominee for Bryco Funding Inc. assigned the Smith mortgage to Bank of America, N.A., and on December 28, 2018, Bank of America, N.A., in turn assigned the mortgage to ABS Loan Trust V.[2] The substance of the motion was that because MERS no longer has an interest in Mr. Smith's mortgage, but ABS Loan Trust V did, substitution was warranted. (ECF No. 20). MERS, the only party that had entered an appearance, consented to the motion, which was granted. (ECF No. 21).

On March 18, 2019, FNMA filed a Motion to Dismiss Bryco Funding, Inc. asserting that on July 3, 2018, Martha Correa, Assistant Vice President of Bryco Funding, executed a quitclaim assignment conveying all Bryco's rights to Bank of America N.A.. (ECF Nos. 25, 25-1). That motion remains under advisement.

In its motion for default judgment, FNMA erroneously claimed that it is entitled to a default judgment without a hearing because Mr. Smith has not appeared. Pl.'s Mot. for Default J. 6-7 (ECF No. 14). "In Maine foreclosure is a creature of

---

[2] I note that the transfer of the Smith mortgage from Bank of America, N.A. to ABS Loan Trust V occurred after this action was commenced.

statute." *Bank of Am., N.A. v. Greenleaf*, 96 A.3d 700, 708 (Me. 2014). To foreclose on Mr. Smith's real property, FNMA elected to proceed under 14 M.R.S. §§ 6321, *et seq.*, and therefore it "must comply strictly with all steps required by statute." *Greenleaf*, 96 A.3d at 708 (quoting *Chase Home Fin. LLC v. Higgins*, 985 A.2d 508, 511 (Me. 2009)). The Maine foreclosure statute specifically requires that I hold a hearing to determine "whether there has been a breach of condition in the mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear and whether any public utility easements held by a party in interest survive the proceedings." 14 M.R.S. § 6322.

After reviewing the Complaint and the motion for default judgment, I found that on the record presented FNMA could not establish its entitlement to foreclosure under Maine law. Prior to scheduling a hearing on the motion for default judgment, I directed FNMA to provide me with additional evidence, including:

(1) explain how MERS, as Nominee for Bryco Funding Inc. ("Bryco"), had the authority under Maine law to effectively execute a Subordination Agreement dated June 2013, Ex. F to Pl.'s Mot. for Default J. (ECF No. 14-6). See Greenleaf, 96 A.3d 700 and Mortg. Elec. Registration Sys., Inc. v. Saunders, 2 A.3d 289 (Me. 2010); [and]

(2) if the Subordination Agreement is valid, provide the Plaintiff's position on what entity currently holds the Bryco mortgage note, explain the priority of the Bryco mortgage, and file on the docket a copy of the Bryco mortgage note dated in March of 2007;

Procedural Order 3 (ECF No. 26).

FNMA filed a Response to my Order requesting additional evidence. (ECF No. 27). Thereafter, I issued an Order denying FNMA's motion for default judgment and

3

again identifying the deficiencies in the evidence that made it premature to schedule a foreclosure hearing as required by the Maine statute. That Order stated, in part:

> Although it appears that the Plaintiff may have the right to foreclose the mortgage and note originally given by the Smiths to Green Tree Servicing LLC on July 22, 2013, it is not clear that such mortgage has priority over the mortgage given by the Smiths to Bryco Funding Inc. on March 12, 2007. First, it appears that the Plaintiff has the basic Greenleaf problem of whether MERS had the authority to act on behalf of the mortgagee Bryco Funding Inc. under Maine law when it executed the Subordination Agreement on June 25, 2013. The Bryco Funding mortgage has the same language as the mortgage in Greenleaf regarding MERS authority, nevertheless the Law Court held that the assignment executed by MERS was ineffective and, therefore, Bank of America had no standing to foreclose. *Bank of America v. Greenleaf*, 96 A.3d 700 (Me. 2014).
>
> In addition to the basic *Greenleaf* problem with the 2013 Subordination Agreement, it is unexplained in the record how MERS had the authority, presumably under California law, to subordinate the senior mortgage years after Bryco Funding Inc. was discharged in a Chapter 7 bankruptcy and suspended as a California corporation. Also without explanation is how Martha Correa, who is identified as a Bank of America employee, created the Quitclaim Assignment and on July 3, 2018, executed the Quitclaim Assignment as an "Assistant Vice President" of the defunct corporation Bryco Funding Inc.

Order Denying Default Judgment 1-2 (ECF No. 35). I then gave FNMA two months—until October 4, 2019—to file a memorandum addressing my concerns and explaining how on the record before me it was entitled to a judgment of foreclosure. Order Denying Default Judgment 2.

On October 4, 2019, FNMA filed a motion for an extension of time and requesting an additional 60 days so that FNMA and ABS Loan Trust V could enter into a new subordination agreement. FNMA further stated, "ABS Loan Trust V is also in the process of trying to locate documentation, such as a Power of Attorney,

4

that would validate the quitclaim assignment from Bryco Funding to Bank of America." Motion for Enlargement of Time 2 (ECF No. 42). This case appears to have a number of irregularities in the assignment and subordination documentation. I have provided FNMA with abundant guidance on what documentation is needed and ample time to obtain that documentation. In a default case of this nature, counsel would do well to have the necessary documentation to establish its entitlement to a judgment of foreclosure under the Maine statute *before* filing suit. A year into this case, and with no opposition, FNMA has yet to provide the documentary evidence demonstrating that it is entitled to a judgment of foreclosure.

It is **ORDERED** that FNMA's Motion for Extension of time is **DENIED.** In addition, because FNMA has failed to timely comply with my requests for additional evidence to support its claim of foreclosure, the case is **DISMISSED** without prejudice.

SO ORDERED.

/s/ Nancy Torresen  
United States District Judge

Dated this 9th day of October, 2019.