## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHELDON A. SMITH, BRYCO FUNDING, INC., and ABS LOAN TRUST V, )<br>)<br>)<br>Defendants. ) | Docket No. 1:18-cv-433-NT<br><br>Re: 1357 Salem Road,<br>Salem Township, ME<br>Mortgage: July 22, 2013<br>Franklin County<br>Book 3573, Page 255 |

### JUDGMENT OF FORECLOSURE AND SALE

Following the January 15, 2020 foreclosure judgment hearing in this matter, and pursuant to the Court's *Order on Plaintiff's Motion for Foreclosure and Default Judgment on Junior Mortgage* ("**Nov. 3 Order**") (ECF No. 64), the Court further finds as follows:

1. That the parties have received notice of the proceedings in this action, having previously been served with the summons and complaint, and that notice was given in accordance with the applicable provisions of the Federal Rules of Civil Procedure. *See* Nov. 3 Order 8.

2. That venue is properly laid in this Court.

3. That the Plaintiff is the mortgagee of record of a second mortgage ("**Junior Mortgage**") securing a promissory note dated July 22, 2013 (the "**Note**") executed by Defendant Sheldon A. Smith ("**Smith**"), both of which are recorded in the Franklin County Registry of Deeds in Book 3573, Page 255. The Junior Mortgage

1

encumbers real estate located at 1357 Salem Road, Salem Township, State of Maine (the "**Property**"). The legal description of the Property contained in the Junior Mortgage is incorporated herein by reference and attached hereto as Exhibit A.

4.   That Smith is in breach of the terms of the Note, with such breach constituting a default by him, and upon such default, proper notice of default was sent to the Defendants.

5.   That Smith's default of the Note caused a breach of the Junior Mortgage.

6.   That the Plaintiff is entitled to judgment on its junior mortgage as a matter of law, having statisfied each element of foreclosure under applicable Maine law. *See* Nov 3 Order 7–8 (setting forth factual findings and legal conclusions).

7.   That as of January 15, 2020, the following amounts are owed to the Plaintiff under the terms of the Note and Junior Mortgage:

| | |
|---|---|
| a. Principal Balance | $73,257.38 |
| b. Accrued Interest<br>    (plus interest at a per diem of $8.53) | $6,346.22 |
| c. Pre-acceleration Late Charges | $345.15 |
| d. Escrow Advances | $1,167.51 |
| e. Property Inspection Expenses | $300.00 |
| f. Attorney's Fees | $8,338.75 |
| g. Attorney's Costs | $0.00 |
| **Total:** | **$89,755.01** |

*See* Nov 3 Order 8. The Plaintiff is entitled to add any additional attorney's fees and costs incurred in connection with the foreclosure, including any post-judgment

attorney's fees and costs, as well as any additional amounts advanced or expended by the Plaintiff pursuant to the Note and Junior Mortgage.

8. That a senior mortgage, held by either ABS Loan Trust V or Bryco Funding Inc., also encumbering the Property is recorded in the Franklin County Registry of Deeds in Book 2895, at Page 211.

9. That the order of priorities and amount of the claims of the parties for distribution from the proceeds of sale of the equity of redemption, after payment of expenses of sale, in this case are as follows:

   a. Plaintiff in the amount of $89,755.01, plus accrued pre-judgment interest at the rate of 4.25% per annum, plus interest accrued after judgment at the rate set forth in 14 M.R.S.A. § 1602-C. Further, the Plaintiff is entitled to the additional amounts incurred by the Plaintiff as described in Paragraph 7 above;

   b. Defendant Sheldon A. Smith in the amount of any excess proceeds from sale, pursuant to 14 M.R.S.A. § 6324.

10. That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

> Sheldon A. Smith
> 1357 Salem Road
> Salem Township, ME 04983
>
> ABS Loan Trust V
> c/o Carrie Folsom, Esq.
> Korde & Associates, P.C.
> 707 Sable Oaks Drive, Suite 250
> South Portland, ME 04106

> Federal National Mortgage Association
> c/o Bendett & McHugh, P.C.
> 30 Danforth Street, Suite 104
> Portland, ME 04101

**WHEREFORE**, it is hereby **ORDERED**:

A. That the mortgagee of the senior mortgage is not a necessary party to the full and fair adjudication of the Plaintiff's foreclosure of its Junior Mortgage, and therefore any judgment herein has no force or effect on the senior mortgage;

B. That Judgment on Count I of the Amended Complaint is **ENTERED** for the Plaintiff, permitting the Plaintiff to foreclose Smith's equity of redemption in the Property if Smith, his heirs, or assigns do not pay the Plaintiff the amounts adjudged to be due to the Plaintiff as set forth in Paragraph 7 above within ninety (90) days from the date of entry of this Order, permitting the Plaintiff (through its agents or attorneys) to proceed with a sale of the equity of redemption, pursuant to 14 M.R.S.A. §§ 6321–6324, and to disburse the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priorities set forth in Paragraph 9 above;

C. That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to Fed. R. Civ. P. 54(b), except as to any additional post-judgment attorney's fees and disbursements or additional amounts advanced by the Plaintiff related to its mortgage security;

D. That, subject to any lien senior to the Plaintiff's Junior Mortgage, if Smith fails to redeem by paying the above amounts adjudged to be due on or before ninety

    (90) days from the date of entry of this Order, or within such additional time as the Plaintiff may in its sole discretion allow, Smith's remaining rights to possession of the Property shall terminate;

E. That the Plaintiff shall specify attorney's fees and disbursements incurred after the date of Attorney's Fees and Disbursements Affidavit in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding Local Rule 54.2; Defendant(s) may contest the Report and application for additional attorney's fees and disbursements by filing a motion pursuant to 14 M.R.S.A. § 6324;

F. That once the applicable appeal period has expired as determined under Fed. R. Civ. P. 58 and Fed. R. App. P. 4, the Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and the Plaintiff shall then record the said certification and a copy of this Judgment in the Franklin County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by the Plaintiff to be added to and become part of the mortgage indebtedness secured by the Junior Mortgage.

SO ORDERED.

                                             /s/ Nancy Torresen
                                             United States District Judge

Dated this 23rd day of December, 2020.